IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

ROBERT C. TORRE,   Civil No. 04-1289-AA
                                         OPINION AND ORDER
         Plaintiff,

    vs.

STATE OF OREGON; TED KULONGOSKI,
personally and in his position
as Governor of the State of
Oregon; HARDY MYERS, personally
and in his position as Attorney
General of the State of Oregon;
ROBERT ROCKLIN, personally and in
his position as Assistant Attorney
General of the State of Oregon;
COOS COUNTY OREGON, JOHN GRIFFITH,
personally and in his position as
Chair Commissioner of the County
of Coos, State of Oregon; PAUL
BURGETT, personally and in his
position as District Attorney
for the County of Coos, State of
Oregon; KAREN HERZOG, personally
and in her position as Assistant
District Attorney for County of
Coos, State of Oregon; ED JONES,
personally and in his position as
Trial Court Administrator for the
County of Coos, State of Oregon;
CITY OF COOS BAY, OREGON; JOE

BENETTI, personally and in his position
as Mayor of the City of Coos Bay,
County of Coos, Oregon; CHUCK KNIGHT,
personally and in his positions as
Chief of Police and City Manager
for the City of Coos Bay, County of
Coos, State of Oregon; EURA
WASHBURN, personally and in her
positions as Police Supervisor and
Chief of Police for the City of Coos
Bay, County of Coos, State of
Oregon; CAL P. MITTS, personally
and in his position as Police Officer
for the City of Coos Bay, County of
Coos, State of Oregon; and
NICK C. NYANDER,

     Defendants.

---

Robert C. Torre
PO Box 2650
Olympia, Washington 98507
    Plaintiff Pro Se

Hardy Myers
Attorney General
Jonathan W. Diehl
Assistant Attorney General
Department of Justice
1162 Court Street NE
Salem, Oregon 97301-4096
    Attorneys for defendants State of Oregon,
    Ted Kulongoski, Hardy Myers, Robert Rocklin, Paul
    Burgett, Karen Herzog, and Ed Jones

Robert E. Franz, Jr.
Law Office of Robert E. Franz, Jr.
PO Box 62
Springfield, Oregon 97477
    Attorney for defendants Coos County and John Griffith

Nathan B. McClintock
Corrigall & McClintock
936 Central, PO Box 1178
Coos Bay, Oregon 97420-0309
    Attorney for defendants City of Coos Bay, Oregon,
    Joe Benetti, Chuck Knight, Eura Washburn, and

Cal P. Mitts

David A. Jacobs
Luvaas Cobb
777 High Street, Suite 300
Eugene, Oregon 97401
   Attorney for defendant Nick Nylander

AIKEN, Judge:

Plaintiff, appearing pro se filed an 82 page Complaint with an attachment of approximately 300 pages of exhibits requesting that pursuant to 42 U.S.C. § 1983 this court "issue an injunction" to "exonerate him from the conviction of the crimes he did not legally commit after being entrapped by the Coos Bay Police Department." Complaint at p. 82.

In 1997, plaintiff was convicted of criminal mischief and criminal trespass in the State of Oregon's Coos County District court. His conviction was affirmed by the Oregon Court of Appeals. State v. Torre, 184 Or. App. 392, 56 P.2d 473 (2002). Plaintiff's request for review by the Oregon Supreme Court was subsequently denied. State v. Torre, 335 Or. 267, 66 P.2d 1027 (2003).

                        STANDARDS

Under Fed. R. Civ. P. 12(b)(6), dismissal for failure to state a claim is proper only when it appears to a certainty that the plaintiffs can prove no set of facts in support of their claim that would entitle them to relief. Litchfield v. Spielberg, 736 F.2d 1352, 1357 (9th Cir. 1984), cert. denied, 470

U.S. 1052 (1985). For the purpose of the motion to dismiss, the complaint is liberally construed in favor of the plaintiffs, and its allegations are taken as true. Rosen v. Walters, 719 F.2d 1422, 1424 (9th Cir. 1983).

## DISCUSSION

Plaintiff's claim is barred by the Rooker-Feldman doctrine. This court lacks jurisdiction to review plaintiff's conviction and the subsequent Court of Appeals decision affirming that conviction. The Rooker-Feldman doctrine bars a federal district court from reviewing state court decisions. District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 482 (1983)("a United States District Court has no authority to review final judgments of a state court in judicial proceedings"). This doctrine applies even where the challenge to a state court decision involves federal constitutional issues. Worldwide Church of God v. McNair, 805 F.2d 888, 891 (9th Cir. 1986).

Plaintiff's claim concerning his past conviction is barred because it seeks direct review of his State conviction. Additionally, to the extent that plaintiff's claim concerns the warrant currently out for his arrest based on his probation violation, that claim is inextricably intertwined with the previous state court decisions. Therefore, under the Rooker-Feldman doctrine, this court lacks jurisdiction to hear plaintiff's complaint. Plaintiff's complaint is dismissed.

Page 4 - OPINION AND ORDER

Moreover, plaintiff's claims are time-barred. The "limitations period for commencement of § 1983 actions must be borrowed from state law." Plumeau v. School District #40 County of Yamhill, 130 F.3d 432, 438 (9th Cir. 1997). The limitations period governing § 1983 actions in the District of Oregon is two years. Sain v. City of Bend, 309 F.3d 1134, 1139-40 (9th Cir. 2002). Plaintiff's trial for the convictions at issue and judgment was entered on November 25, 1997. The case was ordered remanded on appeal on January 22, 1999, and the warrant for probation violation was entered on October 7, 1999. Plaintiff's complaint at bar was filed on September 9, 2004, over five years after the latest of these events took place. Plaintiff's complaint is dismissed as untimely.

Finally, because plaintiff's conviction has never been overturned, plaintiff's claims are barred pursuant to the Supreme Court's holding in Heck v. Humphrey, 512 U.S. 477, 486-87 (1994). There, the Supreme Court held that in order to recover damages pursuant to 42 U.S.C. § 1983, a convicted plaintiff must prove that his or her conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determinations, or called into question by a federal court's issuance of a writ of habeas corpus. None of these circumstances apply to the facts at bar.

Regarding plaintiff's claims of legal malpractice against

defendant Nylander, who represented plaintiff in the underlying criminal trial, those claims are dismissed. See Complaint, p. 65. A malpractice claim against a criminal defense attorney is premature and must be dismissed if brought before his or her client's criminal conviction is overturned. Stevens v. Bispham, 316 Or. 221, 851 P.2d 556 (1993); and Sandgathe v. Jagger, 165 Or. App. 375, 996 P.2d 1001 (2000). Therefore, this claim is dismissed without prejudice subject to refiling only if plaintiff overturns his conviction. Id. at 380-84.

## CONCLUSION

Defendants State of Oregon, Ted Kulongoski, Hardy Myers, Robert Rocklin, Paul Burgett, Karen Herzog, and Ed Jones' motion to dismiss (doc. 28) is granted. Defendants City of Coos Bay, Oregon, Joe Benetti, Chuck Knight, Eura Washburn and Cal P. Mitts' motion to dismiss (doc. 31) is granted. Defendants Coos County and John Griffith's motion to dismiss (doc. 26) is granted. Defendant Nick Nylander's (doc. 35) motion to dismiss is granted. This case is dismissed. All pending motions are denied as moot.

///
///
///
///
///

IT IS SO ORDERED.

Dated this __12__ day of April 2005.

                                    _____/s/ Ann Aiken_____
                                         Ann Aiken
                                  United States District Judge